UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | **REPORT and** |
| -v- | **RECOMMENDATION** |
| VICTOR QUINONES,<br>RICHARD VEGA,<br>JUAN JIMENEZ, and<br>OSVALDO JIMENEZ a/k/a JESUS QUIERNAN,<br>                              Defendants. | 05-CR-15E(F) |

_____

APPEARANCES:   MICHAEL A. BATTLE
               UNITED STATES ATTORNEY
               Attorney for the Government
               THOMAS S. DUSZKIEWICZ,
                 Assistant United States Attorney, of Counsel
               Federal Centre
               138 Delaware Avenue
               Buffalo, New York  14202

               JOSEPH B. MISTRETT
               FEDERAL PUBLIC DEFENDER
               Attorney for Defendant Quinones
               KIMBERLY A. SCHECHTER,
                 Assistant Federal Public Defender, of Counsel
               300 Pearl Street, Suite 450
               Buffalo, New York 14202

               NELSON S. TORRE, ESQ.
               Attorney for Defendant Vega
               1220 Liberty Building
               424 Main Street
               Buffalo, New York  14202

## **JURISDICTION**

This case was referred to the undersigned by the Hon. John T. Elfvin on January 28, 2005 for disposition of all pretrial matters pursuant to 28 U.S.C. §636(b)(1)(A) and for report and recommendation pursuant to §636(b)(1)(B).  It is presently before the

court on the motions of Defendants Quinones and Vega to suppress physical evidence. Defendants' non-dispositive motions were resolved on the record.

## **BACKGROUND**

The Defendants were charged, in a three-count Indictment dated January 12, 2005, with the violation of Title 21 U.S.C. §§ 841(a)(1) and 846, and Title 18 U.S.C. § 2 (Doc. No. 9). Specifically, all four Defendants are charged with conspiracy to possess with intent to distribute 100 grams or more of a mixture containing heroin (Count 1), all Defendants except Vega are charged with unlawful possession with intent to distribute heroin (Count 2), and all Defendants are charged with possession with intent to distribute 100 grams or more of heroin (Count 3).

On March 14, 2005, Vega filed pretrial motions requesting suppression of physical evidence and other relief (Doc. No. 15). On April 22, 2005, Quinones filed his motion for pretrial discovery and other relief, and joined in Vega's motion to suppress (Doc. Nos. 18, 19). Juan Jimenez filed a demand for discovery on April 25, 2005 (Doc. No. 21). The Government filed its response to all the motions on May 6, 2005, asserting that Defendants Vega and Quinones had not established the need for an evidentiary hearing on the motion to suppress (Doc. No. 22). At oral argument on May 10, 2005, the court resolved the Defendants' non-dispositive motions and reserved decision on the motion to suppress. For the reasons that follow, the motion to suppress should be DENIED without a hearing.

## **FACTS**

The relevant facts are found in the affidavit of Drug Enforcement Administration ("DEA") Agent Mark F. Gentile in support of the criminal complaint (Doc. No. 1). On January 3, 2005, Agent Gentile was contacted by a confidential informant ("CI") who advised Agent Gentile that the CI could receive a sample of heroin. *Id.,* ¶ 2(a). On January 4, 2005, Agent Gentile established surveillance and observed the CI meet with Defendants Quinones, Juan Jimenez and Osvaldo Jimenez in a Chevrolet Impala. The CI received a sample of a substance that later tested positive for heroin, and arrangements were made for the purchase of one-half kilogram of heroin. *Id.* Thereafter, the Defendants in the Chevrolet Impala proceeded to 24 Argus Street in the City of Buffalo. *Id.,* ¶ 2(b). The agents continued surveillance and observed Defendant Quinones enter a blue Honda Accord operated by defendant Vega. *Id.* Both vehicles proceeded southbound over the Skyway, whereupon Agent Gentile requested that a marked unit from the Erie County Sheriff's Department stop the vehicles. *Id.* Both the Impala and the Honda were stopped on Fuhrmann Boulevard, south of Tifft Street in the City of Buffalo. *Id.* Agents observed a package in plain view on the passenger side floor of the Honda, wrapped in a black napkin. The package contained 653.84 grams of a substance which field tested positive for heroin. *Id.*

## **DISCUSSION**

Defendants Vega and Quinones seek the suppression of physical evidence seized from the Honda following the stop of the vehicle on January 4, 2005. The

Government asserts that neither Defendant Vega, the driver of the Honda, nor defendant Quinones, his passenger, has established the requisite standing to challenge the stop and search of the vehicle.

Fourth Amendment rights are personal rights which may not be vicariously asserted. *United States v. Padilla*, 508 U.S. 77, 81-82 (1993)(per curiam); *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978). A defendant must have a reasonable expectation of privacy in the area to be searched in order to contest the validity of a search. *Rakas,* 439 U.S. at 143; *Katz v. United States*, 389 U.S. 347 (1967). A defendant's personal Fourth Amendment right has not been violated when he conceals contraband in the property of another and that property is subsequently searched unless he had a reasonable expectation of privacy in the property of the person which was searched. *Rawlings v. Kentucky*, 448 U.S. 98 (1980). The defendant "bears the burden of proving . . . that he had a legitimate expectation of privacy," *Rawlings*, 448 U.S. at 104, which he may do "by showing that he owned the premises or that he occupied them and had dominion and control over them by leave of the owner." *United States v. Villegas*, 899 F.2d 1324, 1333 (2d Cir. 1990).

A defendant is not required to own a searched vehicle in order to have a Fourth Amendment privacy interest protected against government invasion, as such an interest may be held by the borrower of an automobile. *United States v. Pena*, 961 F.3d 333 (2d Cir. 1992); *United States v. Hernandez*, 2001 WL 1344832, *8 (W.D.N.Y. April 13, 2001), *adopted by* 2001 WL 1705118 (W.D.N.Y. September 20, 2001), *aff'd*, 2003 WL 1868759 (2d Cir. April 10, 2003). Conversely, numerous decisions from this Circuit

have emphasized that "mere occupancy [or control] of a car does not demonstrate the required 'legitimate basis'" necessary to establish standing.  *United States v. Ruggiero*, 824 F.Supp. 379, 392 (S.D.N.Y. 1993), *aff'd sub nom. United States v. Aulicino*, 44 F.3d 1102 (2d Cir. 199 5); *see, e.g., United States v. Sanchez*, 635 F.2d 47, 64 (2d Cir. 1980); *United States v. Smith*, 621 F.2d 483, 487 (2d Cir. 1980), *cert. denied*, 449 U.S. 1086 (1981).  "To mount a challenge to a search of a vehicle, defendants must show, among other things, a legitimate basis for being in it, such as permission from the owner."  *United States v. Ponce*, 947 F.2d 646, 649 (2d Cir. 1991), *cert. denied*, 503 U.S. 943 (1992).  In situations involving a search of a vehicle, where the defendant can demonstrate that he had the keys to the car and permission from the owner to drive it, he has standing to challenge the search of the car.  *See United States v. Ochs*, 595 F.2d 1247, 1253 (2d Cir.), *cert. denied*, 444 U.S. 955 (1979).

However, where the car driven by a defendant with another defendant as a passenger was registered in someone else's name, and neither defendant showed any legitimate basis for being in the car, neither defendant has standing to challenge the search of that vehicle.  *See United States v. Smith*, 621 F.2d at 487.  In *United States v. Sanchez,* 635 F.2d 47 (2d Cir. 1980), the defendant did not demonstrate ownership of the car nor consent from the owner to drive or possess the car through the appearance of the registered owner in court, even though the defendant possessed the keys to the vehicle at the time he was stopped by police, leading to the proper denial of the defendant's motion to suppress evidence seized from the car.  In *United States v. Triana-Mateus*, 2002 WL 562649 (S.D.N.Y. April 15, 2002), defendant's possession of

the keys and his unsupported statements claiming he had permission from the owner were not sufficient to establish a constitutionally protected interest in the privacy of the car.

"It is well established that in order to challenge a search, a defendant must submit an affidavit from someone with personal knowledge demonstrating sufficient facts to show that [the defendant] had a legally cognizable privacy interest in the searched premises at the time of the search." *United States v. Ruggiero*, 824 F.Supp. at 391. Affirmations by defense counsel, without any claim of personal knowledge, are insufficient to raise material facts requiring a hearing. *United States v. Watson*, 404 F.3d 163, 166 (2d Cir. 2005). Likewise, an affidavit by a defendant which does not sufficiently demonstrate ownership of the car or license from the owner to possess it does not establish standing or require an evidentiary hearing. *United States v. Triana-Mateus*, 2002 WL 562649, at *3.

Here, neither Defendant has submitted an affidavit establishing standing to challenge the search of the vehicle. Defendant Vega, the operator of the Honda, has failed to submit an affidavit establishing either that he is the owner of the vehicle or that he had permission to use the vehicle and thus had a reasonable expectation of privacy in it. Likewise, Defendant Quinones, the passenger in the Honda, has failed to submit an affidavit establishing that he had any expectation of privacy in the vehicle. As neither Defendant has established standing to challenge the search, the motion to suppress should be DENIED without an evidentiary hearing.

Even assuming that Defendants Vega and Quinones had established standing to challenge the stop and search of the Honda, there would nonetheless be no need for a

hearing and the motion should be denied.  In his affidavit, Agent Gentile stated that the Defendants were under surveillance when the CI procured a sample of heroin from them in the Chevrolet Impala.  The agents then observed the Defendants travel to the Argus Street address, Defendant Quinones joined Defendant Vega in the Honda, and both vehicles then left Argus Street together as part of the plan to sell the CI a larger amount of heroin.

"Under the 'automobile exception' to the Fourth Amendment warrant requirement, police may conduct a warrantless search of a readily mobile motor vehicle if probable cause exists to believe the vehicle contains contraband or other evidence of a crime."  *United States v. Gagnon,* 373 F.3d 230, 235 (2d Cir. 2004) (quoting *United States v. Gaskin*, 364 F.3d 438, 456 (2d Cir. 2004)).  Furthermore, when the police possess probable cause to believe a vehicle contains contraband, "they may conduct a warrantless search of every part of the vehicle and its contents, including all containers and packages in the vehicle."  *United States v. Cruz*, 834 F.2d 47, 51 (2d Cir. 1987) (citing *United States v. Ross*, 456 U.S. 798, 821 & n. 28 (1982)).  Probable cause exists if a law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested.  *United States v. Gagnon,* 373 F.3d at 236; *United States v. Patrick*, 899 F.2d 169, 171 (2d Cir. 1990).

Based on the affidavit of Agent Gentile, including the information from a previously reliable confidential informant, and the agents' surveillance, there was

probable cause to stop the vehicles.  Once the vehicles were stopped, the agents observed the package of heroin in plain view on the passenger-side floor of the Honda. None of the Defendants has raised a factual issue regarding the stop that requires development in an evidentiary hearing.  For these additional reasons, no hearing is required and the motion to suppress should be DENIED.

## **CONCLUSION**

Based on the foregoing, the Defendants' motion to suppress should be DENIED without a hearing.

Respectfully Submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: May 24, 2005
           Buffalo, New York


Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in

accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Government and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   May _24, 2005
         Buffalo, New York