UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA                                  05-CR-15E

    -vs-                                                        MEMORANDUM
                                                                   and
VICTOR QUINONES                                                 ORDER[1]

---

       Defendant Victor Quinones ("Quinones") is charged in a three-count indictment with conspiracy to possess with intent to distribute and to distribute 100 grams or more of a mixture and substance containing heroin in violation of 21 U.S.C. §§841(a) and 846, possession with intent to distribute and distribution of a mixture and substance containing heroin in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2 and with possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B) and 18 U.S.C. §2. On April 22, 2005 Quinones filed a motion seeking an order compelling the government to disclose the evidence it intends to use if it intends to try to prove, as the Assistant United States Attorney has alleged, that the amount of heroin involved in the conspiracy is greater than 400 grams as alleged in the Indictment, so that his decision whether to plead guilty can be made based on a calculation of his likely sentence under the United States Sentencing Guidelines (the "Guidelines"). Quinones also seeks, in the alternative, a Bill of Particulars designed to reveal such information. The matter was referred to Magistrate Judge Leslie G. Foschio for pre-

---

[1] This decision may be cited in whole or in any part.

trial proceedings and he denied the motion in an oral ruling on May 10, 2005.[2] Quinones filed an Appeal to this Court from that Order on May 25, 2005. The Court heard oral argument on August 5, 2005. For the reasons that follow, Quinones's appeal is denied.

A District Court reviews a Magistrate Judge's Decision and Order issued on a non-dispositive matter under the "clearly erroneous or contrary to law" standard of review. *See* 28 U.S.C. §636(b)(1)(A). An order is clearly erroneous "only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed" and "an order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Weiss* v. *La Suisse*, 161 F. Supp.2d 305, 321 (S.D.N.Y. 2001) (internal citations omitted).

Quinones seeks an order compelling the government to "advise, in writing, its position of his potential prison range under the Sentencing Guidelines and the basis therefore [*sic*] so that he may proceed with a knowing and voluntary plea of guilty." Mem. in Support of Appeal at 3. He contends that Due Process requires the government to disclose such information and relies on, *inter alia,* Rule 11 of the Federal Rules of Criminal Procedure ("FRCrP"), *Brady* v. *Maryland*, 373 U.S. 83 (1963), and *United States* v. *Pimentel,* 932 F.2d 1029 (2d Cir. 1991). Quinones also seeks, in the alternative, a Bill of Particulars specifying, among other things, "the

---

[2] No transcript of the oral ruling has been made available to the Court, nor has either party provided the Court with a summary of the Magistrate Judge's statement as regards the motion.

quantity of heroin distributed and possessed by each defendant during the course of the alleged conspiracy to the extent that this information will be presented by the government at sentencing."  Aff. in Support of Motion at 10.

None of the legal authority proffered supports the notion that the government can be compelled to disclose its position on defendant's potential prison range under the Guidelines.  Quinones argues that FRCrP 11 mandates that he be informed of his potential sentence under the Guidelines.  In support of that proposition, Quinones cites to the Rule itself.  FRCrP 11(b)(1) requires that prior to accepting a defendant's guilty plea the Court inform and verify that the defendant understands "\*\*\* (H) any maximum possible penalty, including imprisonment, fine and term of supervised release; (I) any mandatory minimum penalty; (J) any applicable forfeiture; (K) the court's authority to order restitution; (L) the court's obligation to impose a special assessment; (M) the court's obligation to apply the Sentencing Guidelines, and the court's discretion to depart from those guidelines under some circumstances \*\*\*."[3]  As per the clear and unambiguous language of FRCrP 11(b)(1), while the Court must inform the defendant of the any applicable mandatory minimum sentence and the maximum sentence for the crimes to which the defendant intends to plead guilty, as well as the fact that the Court is required to consider the Guidelines, there is no requirement that the Court inform a

---

[3] *But see United States* v. *Brooker/Fanfan*, ___ U.S. ___, 125 S.Ct. 738 (2005), and *United States* v. *Crosby*, 397 F.3d 103, 110-114 (2d Cir. 2005) (holding the mandatory application of the Guidelines to be unconstitutional).

defendant of the potential imprisonment term he faces upon application of the Guidelines at sentencing.

Quinones next argues that he is entitled to disclosure of this information pursuant to *Brady* v. *Maryland*, 373 U.S. 83 (1963). In *Brady* the United States Supreme Court held that the prosecution has a constitutional duty to disclose evidence favorable to an accused when such evidence is material to guilt or punishment. *See Brady*, at 87. Here, Quinones does not seek evidence favorable to him. He seeks inculpatory evidence — *i.e.*, evidence the government may use at sentencing to show that the quantity of heroin involved in the conspiracy exceeds that which is charged in the indictment. While Quinones may consider the government's lack of such information to be "favorable" to his position at the time of sentencing, this motion does not seek to compel the disclosure of favorable evidence within the meaning of *Brady*.

Finally, Quinones relies on *United States* v. *Pimentel*, 932 F.2d 1029 (2d Cir. 1991), in which the Second Circuit strongly urged the government to provide a defendant entering a guilty plea with an explanation of the government's position as to the application of the Guidelines prior to the plea proceeding. The Second Circuit stated that:

> "[e]ven if prosecutors are unwilling to engage in sentence bargaining, appeals involving claims of unfair surprise would be significantly reduced if the Government would at least inform defendants, prior to accepting plea agreements, as to the likely range of sentences that their pleas will authorize under the Guidelines. To be sure, the Government is under no legal obligation to provide this information.

> *See United States v. Fernandez*, 877 F.2d 1138, 1143 (2d Cir. 1989). \*\*\* However, given the Government's unique expertise in muddling through the complexities of the Guidelines, providing defendants with this information would hardly be a great burden. Certainly, it would take less time than having to brief and argue an entire appeal."

*United States* v. *Pimentel*, at 1034.[4] More recently, the Second Circuit noted that disclosure, usually in the form of a "*Pimentel* letter" has become the norm within this Circuit. *See United States* v. *Cuero-Flores*, 276 F.3d 113, 115 n.1 (2d Cir. 2002) (stating "[i]n this Circuit, the Government routinely informs defendants, in response to our invitation in [*Pimentel*], as to the likely range of sentences that their pleas will authorize under the Guidelines prior to the Government's accepting plea agreements.").

This Court is similarly constrained and can only, like the Second Circuit, urge the government to provide the information sought by Quinones, but it cannot compel its disclosure.[5] Whether the government's refusal to so provide the information in this case stems from strategy or gamesmanship, the government's,

---

[4] The government noted that no plea agreement has been offered to or negotiated with Quinones and implied that no offer would be forthcoming. Quinones does not need the government's permission to enter a plea of guilty to the indictment and the Second Circuit's recommendation as stated in *Pimentel* applies equally to the circumstance in which a defendant enters a guilty plea without a plea agreement. *See e.g., United States* v. *Cruz*, 2003 WL 21222536, at * 1 (S.D.N.Y. 2003) (discussing the government's provision of a *Pimentel* letter to the defendant prior to his entry of a guilty plea to the indictment, not as a result of a plea agreement.).

[5] Quinones's motion for a Bill of Particulars is similarly denied. The purpose of a Bill of Particulars is to inform the defendant of "the nature of the charges against him, so that he can adequately prepare a defense, avoid prejudicial surprise at trial, and plead double jeopardy in that or any subsequent related action." *United States* v. *Crouse*, 227 F.R.D. 36, 40 (N.D.N.Y. 2005). Quinones does not seek these particulars in order to accomplish any of the above purposes. The information he seeks relates solely to the government's position at sentencing.

the defendant's, the Court's and the public's interest in the speedy administration of justice would be well-served by its disclosure.[6]

Finally, the Court notes that, should the government provide Quinones with an explanation of its position regarding the application of the Sentencing Guidelines to his case, the Court is not bound to accept the government's position; rather, the Court makes an independent calculation of the sentence range under the Guidelines. Moreover, while the Court is bound to *consider* the applicable sentence range as calculated under the Guidelines along with the other sentencing factors listed in 18 U.S.C. §3553(a), the Court is not bound to implement the sentence calculated as per the Guidelines. *See United States* v. *Crosby*, 397 F.3d 103, 110-114 (2d Cir. 2005).

Accordingly, it is **ORDERED** that Quinones's appeal from Magistrate Judge Foschio's denial of his motion for discovery and a Bill of Particulars is denied. As it appears that no additional pre-trial motions are outstanding, the Court will issue a scheduling notice for a status conference to set a trial date.

DATED:    Buffalo, N.Y.

   December 15, 2005

*/s/ John T. Elfvin*
JOHN T. ELFVIN
S.U.S.D.J.

---

[6] The Court notes from its own experience that the government routinely provides timely *Pimentel* letters in this District.