UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THE UNITED STATES OF AMERICA                                    05-CR-15E

                    -vs-                                        MEMORANDUM

VICTOR QUINONES,                                                      and
RICHARD VEGA,
JUAN JIMENEZ and                                                  ORDER[1]
OSVALDO JIMENEZ a/k/a Jesus Quiernan

_____

     Defendants Juan Jimenez, Victor Quinones ("Quinones"), Richard Vega ("Vega")[2] and Osvaldo Jimenez a/k/a Jesus Quiernan ("Osvaldo Jimenez") are charged in a three-count indictment with conspiracy to possess with intent to distribute and to distribute 100 grams or more of a mixture and substance containing heroin in violation of 21 U.S.C. §846, possession with intent to distribute and distribution of a mixture and substance containing heroin in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2 and with possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B) and 18 U.S.C. §2.

     On February 14, 2006 Juan Jimenez filed the instant motion to dismiss the indictment, in which Quinones joined on February 15, 2006, Vega joined on February 16, 2006 and Osvaldo Jimenez joined on February 17, 2006. Defendants argue that various delays in the administration of the case collectively result in violations of the Speedy Trial Act as well as of their Sixth Amendment right to a speedy trial. The

_____

[1]This decision may be cited in whole or in any part.

[2] Vega is charged in only counts one and three.

government submitted an affidavit in opposition to the motion on April 13, 2006 and

defendant Quinones submitted a reply affidavit on April 14, 2006.  The Court heard

oral argument on the motion on April 21, 2006.  For the following reasons, the Court

concludes that defendants' motion to dismiss the indictment on speedy trial grounds

will be granted and that such dismissal will be without prejudice.

Defendants were arrested on January 4, 2005 and charged in a criminal

complaint on January 5, 2005 with the offenses described *supra*.  They were

subsequently indicted on January 12, 2005.  Juan Jimenez, Quinones and Osvaldo

Jimenez were arraigned on the indictment on January 18, 2005 and Vega was

arraigned on the indictment on January 25, 2005.  A status conference was held

before the Magistrate Judge on February 22, 2005 at which time he set dates for the

completion of discovery and for the filing of motions — if any — by defendants.  On

March 14, 2005 Vega filed a motion seeking, *inter alia*, to suppress evidence seized

at the time of his arrest.  On April 22, 2005 Quinones filed a motion for discovery and

joined in Vega's suppression motion.  On April 25, 2005 Quinones's motion was re-

filed as one for a bill of particulars and to compel discovery.  Also on April 25, 2005

Juan Jimenez filed a demand for discovery.  On May 10, 2005 the Magistrate Judge

held an omnibus hearing as to all defendants and, at that hearing, denied Quinones's

motion for a bill of particulars and for discovery, and denied Juan Jimenez's motion

for an extension of time to file motions.  On May 24, 2005 the Magistrate Judge issued

a Report and Recommendation concluding that defendants Quinones's and Vega's

- 2 -

motion to suppress should be denied.  On May 25, 2005 Quinones filed a notice of appeal from the Magistrate Judge's decision denying his motion for a bill of particulars.  On June 1, 2005 Vega filed objections to the Magistrate Judge's Report and Recommendation.

The Court heard oral argument on Vega's objections to the Report and Recommendation on July 29, 2005 and on Quinones's appeal from the Magistrate Judge's decision on August 5, 2005.  The Court dismissed Vega's objections and adopted the Report and Recommendation on August 12, 2005 and issued a Memorandum and Order denying Quinones's appeal on December 15, 2005.  Thereafter, a conference to set a date for trial was scheduled for and held on January 27, 2006.  Counsel requested additional time before setting the trial date and the matter was rescheduled for February 17, 2006.  Thereafter, the instant motion was filed.

Section 3161(c)(1) of Title 18 of the United States Code provides in pertinent part that:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs***."

18 U.S.C. §3161(c)(1).  Various periods of delay are excluded from the calculation of the seventy-day period pursuant to §3161(h).  Section 3162(a)(2) provides, as a sanction for a violation of §3161:

"If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant * * *."

18 U.S.C. §3162(a)(2).  Applicable here is the period of delay that may be excluded pursuant to §3161(h)(1)(J) — specifically, that relating to the time during which "any proceeding concerning the defendant is actually under advisement by the court."  18 U.S.C. §3161(h)(1)(J).  Pursuant to that subsection, such a period of delay is limited to 30 days.  *Ibid*.

On May 25, 2005 Quinones filed an appeal from the Magistrate Judge's May 10, 2005 oral ruling denying his motion for discovery.  The appeal was deemed submitted after oral argument and was taken under advisement on August 5, 2005.  Pursuant to §3161(h)(1)(J), the 30-day period following oral argument was properly excluded from the speedy-trial calculation.  Because the appeal was not decided within 30 days, the speedy-trial clock resumed on September 5, 2005.  From that date until the Court's Memorandum and Order determining Quinones's appeal was filed on December 15, 2005, approximately 101 non-excludable days elapsed.  Accordingly, defendants have demonstrated a violation of §3161(c)(1), and the indictment must be dismissed.

The remaining issue is whether such dismissal should be with or without prejudice to the government's reprosecution of defendants. Section 3162(a)(2) of Title 18 of the United States Code instructs that:

"In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the

- 4 -

seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."

18 U.S.C. §3162(a)(2).  The Court must also consider any prejudice to defendants.  *See*

*United States* v. *Taylor*, 487 U.S. 326, 334 (1988).

Defendants, naturally, argue that the indictment should be dismissed with prejudice because the government has unreasonably obstructed the progress of this case and has exhibited a "demonstrably lackadaisical attitude" toward its prosecution.  Defendants assert that Quinones timely provided the government with notice of his intent to plead guilty to the charges but the government unreasonably refused to provide Quinones with adequate notice of the relevant conduct — *i.e.*, the calculation of total drug weight — the government would attribute to Quinones for sentencing purposes.  Defendants go on to argue that, had the government provided that information, Quinones would likely have entered a guilty plea without delay.

In his affirmation opposing defendants' motion[3], the government's attorney argues that any dismissal should be without prejudice in light of the very serious nature of the charges, the fact that the maximum sentence each defendant faces exceeds ten years, and the fact that any delay was unintentional and not the result of any bad faith or pattern of disregard for the requirements of the statute on its part.

---

[3] In Quinones's reply affirmation — the only one filed — he asserts that the Court should strike the government's affirmation opposing this motion because it was not timely filed.  The Court issued a scheduling order notice on February 22, 2006 which directed the government to file its opposition on April 7, 2006 and directed the defendants to file their replies on or before April 14, 2006.  The government did not file its response to the motion until April 13, 2006, nearly one week after the appointed date for such.

The Court agrees that the charges — relating to the conspiracy to possess with intent to distribute and the possession of a significant amount of heroin with the intent to distribute same — are very serious in nature and that fact weighs against a dismissal with prejudice.  Next, as to the facts and circumstances leading to the dismissal, the Court cannot conclude that the dismissal was the result of the government's bad faith or a pattern of disregard for the statute's requirements. Indeed, the Court itself was not as attentive as usual with respect to the speedy trial clock in this case.  Notwithstanding, the government concedes that it did not take steps to secure a more expeditious determination of Quinones's appeal.[4]  At most, however, such failure amounts to negligence.[5]  Analysis of the third factor — namely, the impact on the administration of justice — is closely related to that concerning the facts and circumstances surrounding the dismissal.   The Supreme Court has instructed that the more egregious the government's conduct in leading to the dismissal, and the greater the delay, the more likely dismissal with prejudice is warranted.  *Taylor*, 487 U.S. at 342.  Here, dismissal with prejudice is not warranted because the government did not act with the intent to delay. *Cf. United States* v. *Peppin*, 365 F. Supp.2d 261, 266-67 (N.D.N.Y. 2005) (concluding that dismissal of

---

[4] Nor did the government seek an order to exclude the time pursuant to an interests-of-justice determination under §3161(h)(8)(A).

[5] The Court is troubled, however, by the government's continuing inattention to this matter — even after defendants filed the instant motion — as evidenced by the government's failure to timely respond to same.

charge with prejudice was warranted where there was a 15-month delay between arrest and indictment with no activity taken on the case).

Finally, defendants have not asserted any prejudice to their abilities to defend against these charges because of the delay. While defendants Quinones, Juan Jimenez and Osvaldo Jimenez have been incarcerated since the charges were first brought and assert prejudice arising from that incarceration, the Court notes that a Speedy Trial violation was arguably presented as early as mid-November 2005, yet defendants did not seek dismissal until February 2006 and therefore bear some responsibility for the additional period of incarceration.[6]

Accordingly, it is hereby **ORDERED** that defendants' motion to dismiss the indictment is granted without prejudice.

DATED:       Buffalo, N.Y.

             May 3, 2006

                                        /s/ John T. Elfvin
                                   _____
                                        JOHN T. ELFVIN
                                        S.U.S.D.J.

---

[6] Defendants' motion for dismissal on Sixth Amendment speedy trial grounds will be denied. The Supreme Court has provided four factors to consider on a defendant's Sixth Amendment claim: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker* v. *Wingo*, 407 U.S. 514, 530 (1972). Here, the period of delay — 13 months from arrest to the date of the motion — while lengthy, is not of the same nature as those in cases in which such motions have been granted. *See e.g.*, *Flowers* v. *Warden*, 853 F.2d 131, 133 (2d Cir.), *cert. denied*, 488 U.S. 995 (1988) (collecting cases). As discussed *supra*, the Court does not conclude that the government acted in bad faith in failing to move the prosecution along. Next, while defendants did assert their right to a speedy trial, they did so only after their own delay of several months. Finally, defendants have asserted no appreciable prejudice to their defense. Accordingly, the Court concludes that defendants' Sixth Amendment rights to a speedy trial have not been violated.